UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES T. MURZIKE,

    Plaintiff,

v.                                                    Case No. 3:22cv1467-TKW-HTC

Co. SPEAR, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff James T. Murzike, a prisoner at Santa Rosa Correctional Institution, filed a complaint in the Middle District of Florida, which was transferred to this Court. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review and consideration, the undersigned recommends the case be dismissed for Plaintiff's failure to comply with Court orders, failure to prosecute, and failure to truthfully disclose his litigation history.

I. **FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE**

On January 28, 2022, Plaintiff filed a complaint in the Middle District of Florida, asserting various incidents of violence and harassment at Santa Rosa Correctional Institution and Florida State Prison. ECF Doc. 1. The Middle District

transferred the complaint to the Northern District on February 8, 2022. ECF Doc. 3. On February 10, 2022, the Court ordered Plaintiff to file an amended complaint and to pay the filing fee or file an *in forma pauperis* motion by March 3, 2022. ECF Doc. 6. At Plaintiff's request, the Court extended the time for Plaintiff to comply with that Order to April 6, 2022. ECF Docs. 7, 8.

On April 4, 2022, Plaintiff filed a "Notice to the Court", which the Court could not understand and which was procedurally deficient. ECF Doc. 9. Despite it being unclear what Plaintiff was seeking, the Court granted Plaintiff an additional twenty-one (21) days to comply with the February Order. ECF Doc. 10. On the same day that order was docketed, April 13, 2022, Plaintiff delivered to Santa Rosa CI mail officials another "Notice", ECF Doc. 11, which the Court again could not decipher, ECF Doc. 12 (order denying relief).

On May 4, 2022, the Court ordered Plaintiff to show cause why the case should not be recommended for dismissal for Plaintiff's failure to comply with the February Order and gave Plaintiff another fourteen (14) days to do so. ECF Doc. 13.

The following day, Plaintiff delivered an amended complaint and an *incomplete* motion to proceed *in forma pauperis*. ECF Docs. 14, 15. Despite being instructed by the Court in its February 10, 2022, order as to the required parts of a complete *in forma pauperis* application, ECF Doc. 6, on May 5, 2022, Plaintiff filed only the Prisoner Consent form. ECF Doc. 15. The financial certificate attached to

Case No. 3:22cv1467-TKW-HTC

the bottom of the consent form was not filled out, and no motion, financial affidavit, or six-month account statement was submitted. The time for filing a complete application has passed, without Plaintiff complying with this Court's orders to provide a full application or pay the full filing fee.

Therefore, the undersigned recommends Plaintiff's case be dismissed for his failure to comply with Court orders and failure to prosecute. Plaintiff has had since February to file a complete motion to proceed *in forma pauperis* or pay the filing fee and has failed to do so. Instead, he has filed one nonsensical notice after another.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Thus, dismissal is appropriate here because Plaintiff has not (1) filed an amended complaint; (2) pay the filing fee or seek indigency status; (3) or update his address.

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th

Case No. 3:22cv1467-TKW-HTC

Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

## II. FAILURE TO TRUTHFULLY DISCLOSE HIS LITIGATION HISTORY

Even if Plaintiff had filed a complete *in forma pauperis* motion, this case would nonetheless be subject to dismissal because upon review of the amended complaint, it appears Plaintiff has failed to disclose his complete litigation history. On May 5, 2022, Plaintiff filed an amended complaint on the Court's form. ECF Doc. 14. Above his signature, he declared, "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 23-24. However, his answers regarding his prior litigation history were not true and correct. On Question A he was asked if he "had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?' and answered "No." *Id.* at 21. On Question C he claimed he had not "filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement." These responses are false.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation, the undersigned takes judicial notice that Plaintiff filed the following cases, which he failed to disclose:

- *Murzike v. FDOC*, 3:2020cv01317 (M.D. Fla.) – filed November 19, 2020, challenging the "living conditions and the physical assault, sexual abuse and false disciplinary reports written here at Santa Rosa."

- *Murzike v. Kelley et al*, 3:2018cv01366 (M.D. Fla.) – filed November 16, 2018, which complained of an officer at Santa Rosa paying an inmate to take Plaintiff's food and batter him, and the officer threatening Murzike and calling his family.

Since both cases related to the conditions of his confinement, they should have been disclosed in Question C.

Also, after case 3:2020cv1317 was transferred to the Northern District, it was dismissed "for Plaintiff's failure to prosecute and failure to comply with an order of the court." *See Murzike v. FDOC*, 3:2020cv05958 (N.D. Fla.). Such a dismissal counts as a strike for purposes of § 1915(g) and should have been reported under

Case No. 3:22cv1467-TKW-HTC

Question A.  *See Johnson v. Piper*, 2015 WL 13851077, at *1 (N.D. Ga. Nov. 10, 2015), *adopted sub nom. Johnson v. Forsyth Cnty. Bd. of Commissioners*, 2015 WL 13851078 (N.D. Ga. Dec. 2, 2015) (including "refusal to comply with court orders" in types of dismissals that count as strikes) (citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (holding that failure to comply with court orders is an "abuse of the judicial process") and *Huffine v. United States*, 25 Cl. Ct. 462, 464 (Cl. Ct. 1992) (pro se litigant's refusal to comply with Court orders was an "abuse of the judicial process")); *see also Wilson v. Correct Care, LLC*, 2017 WL 11562345, at *2 (S.D. Fla. Nov. 20, 2017), *report and recommendation adopted*, 2018 WL 11198936 (S.D. Fla. Jan. 29, 2018) ("A case dismissed as an 'abuse of the judicial process' counts as a strike under 28 U.S.C. § 1915(g), . . . and refusal to comply with court orders constitutes such abuse.") (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11 Cir. 1998), *Malautea,* and *Huffine*, *supra*).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

As a prior litigant in several cases, Plaintiff is well aware of the importance of disclosing his complete litigation history and the need to be careful when doing so. Thus, any attempt to justify the omission as inadvertent would be groundless, as Plaintiff is very familiar with filing complaints and his responsibility of candor to the Court. *See Redmon v. Lake Cty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming district court's finding of abuse of judicial process despite plaintiff's argument that "he did not understand the complaint form"); *Sears v. Haas*, 509 F. App'x 935, 935-936 (11th Cir. 2013) (finding district court did not err in dismissing plaintiff's complaint where plaintiff argued in an objection that his "omissions were inadvertent" and later appealed arguing that "his case had merit"). Moreover, Plaintiff knew from reading the amended complaint form sent to him by the clerk pursuant to the February 10, 2022, Order, ECF Doc. 6, that such dishonestly could result in dismissal. Indeed, it expressly warned that "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." Nonetheless, Plaintiff failed to disclose these recently filed federal cases.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.

An appropriate sanction for Plaintiff's abuse of the judicial process here is to dismiss this case without prejudice.[1]  *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).  As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose."  ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

Accordingly, it is respectfully RECOMMENDED:

1.This case be DISMISSED WITHOUT PREJUDICE for failure to follow court orders, failure to prosecute, and as malicious for Plaintiff's abuse of the judicial process.

---

[1] In addition, an initial review of the Amended Complaint reveals the allegations in his complaint strain credulity and seem to reinforce Plaintiff's admission in the Notice that "Plaintiff is a Psych. III mentally disabled inmate." ECF Doc. 11 at 1.  He alleges that "on several other dates I have been sexually assaulted, sexually harassed and the administration have let their hit man orderly starve me & extort me and my family for money" ECF Doc. 1 at 3 (spelling corrected).  He claims the "hit man orderly" has placed cameras outside of his cell that take nude pictures of him which are then posted to a Facebook page.  Also, Officer Spear allegedly gave inmates phones and cameras to take pictures of Plaintiff naked.  He alleged officers are threatening to kill Plaintiff and poisoning his food and are "all involve[d] to murder me steal my family car, and even forge my handwriting on illegal documents." ECF Doc. 14 at 10-18.

2. The clerk be directed to close the file on this matter.

Done at Pensacola this 23rd day of May 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.